# United States Court of Appeals
## For the First Circuit

---

No. 24-1522

BRICE CANTRELL,

Plaintiff - Appellant,

v.

BRUNSWICK MAINE POLICE; TOWN OF BRUNSWICK; SCOTT STEWART; PAUL HANSEN; JOHN ELDRIDGE; KRISTIN M. COLLINS; ZACHARY HUBER; ADAM MERRILL; ANDREW FITZPATRICK; JUDITH BEAN; BRIAN FUNKE; FRANCES SMITH; CORY ILES; JEROD VERRILL; CHRISTOPHER WOLONGEVICZ; JOSHUA BERNIER; PATRICK SCOTT; THOMAS STANTON,

Defendants - Appellees.

---

Before

Barron, Chief Judge,
Kayatta and Gelpí, Circuit Judges.

---

**JUDGMENT**

Entered: February 25, 2025

    Pro se appellant Brice Cantrell filed a notice of appeal and, pursuant to district court orders directing his clarification, a response designating the district court's April 29, 2024 order addressing defendants' motions to dismiss and dismissing certain defendants and claims, as well as the May 7, 2024 electronic order denying Cantrell's motion to recuse Magistrate Judge Wolf. After the appeal was opened, this court entered an order to show cause why the appeal should not be dismissed for lack of finality. See generally 28 U.S.C. §§ 1291, 1292. Cantrell has filed a response. Cantrell has submitted other various filings, including a petition for a writ of mandamus.

    This court has carefully reviewed Cantrell's response to the order to show cause and the relevant portions of the record. This court's jurisdiction to review district court orders extends only to final decisions, 28 U.S.C. § 1291, and to certain interlocutory and collateral orders, 28 U.S.C. § 1292. The decisions Cantrell seeks to challenge do not fall within either category. See Barret ex rel. Estate of Barret v. United States, 462 F.3d 28, 32-33 (1st Cir. 2006) (stating an order that does not dispose of all claims is not final and immediately appealable absent district court certification under Fed. R. Civ. P. 54(b)); see also In re Vazquez-Botet, 464 F.3d 54, 57 (1st Cir. 2006) (per

curiam) (stating denials of motions to recuse generally are not immediately appealable and will not be immediately reviewed unless the party seeking review demonstrates that extraordinary mandamus relief might be in order) (citations omitted); <u>United States</u> v. <u>Ecker</u>, 923 F.2d 7, 9 (1st Cir. 1991) (per curiam) (stating a magistrate judge's order is not a final order that can be reviewed directly by a court of appeals, and a party seeking to challenge a magistrate judge's order must seek initial review in the district court). In his response, Cantrell offers no argument legitimately suggesting that the relevant rulings are immediately reviewable. <u>See</u> <u>Woo</u> v. <u>Spackman</u>, 988 F.3d 47, 53 (1st Cir. 2021) (reminding that "federal courts are courts of limited jurisdiction" and "the burden of establishing jurisdiction must fall to the party who asserts it") (internal quotation marks and citations omitted); <u>see also</u> <u>In re Fin. Oversight & Mgmt. Bd. for P.R.</u>, 52 F.4th 465, 477 (1st Cir. 2022) ("And when appellate jurisdiction has been called into question . . . this court will generally consider only the rationales offered by the party invoking the court's jurisdiction.").

As to his petition for mandamus, we conclude that the extraordinary remedy of mandamus is not in order. <u>See</u> <u>De Graca</u> v. <u>Souza</u>, 991 F.3d 60, 63-65 (1st Cir. 2021) (general mandamus principles); <u>see also</u> <u>In re United States</u>, 441 F.3d 44, 67 (1st Cir. 2006) (observing that a judge's rulings and statement in the course of proceedings rarely provide a basis for recusal under 28 U.S.C. § 455(a)); <u>Liteky</u> v. <u>United States</u>, 510 U.S. 540, 555 (1994) (stating that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion") (citation omitted).

Accordingly, Cantrell's petition for a writ of mandamus is <u>denied</u>. This appeal is <u>dismissed</u>. <u>See</u> 1st Cir. R. 27.0(c) (permitting the court to dismiss the appeal at any time when appellate jurisdiction is lacking). Any remaining pending motions, to the extent not mooted by the foregoing, are <u>denied</u>.

By the Court:

Anastasia Dubrovsky, Clerk

cc:
Brice Cantrell
Kasia Soon Park
Susan M. Weidner
Benjamin J. Wahrer