UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| BRICE N. CANTRELL, <br><br> Plaintiff, <br><br> v. <br><br> BRUNSWICK MAINE POLICE, et al. <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action Docket No. 2:23-cv-00283-SDN <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANT KRISTIN COLLINS'S MOTION FOR ENTRY OF FINAL JUDGMENT WITH INCORPORATED MEMORANDUM OF LAW**

Pursuant to Fed. R. Civ. P. 54(b), Defendant Kristin Collin's moves for entry of final judgment. All claims against Collins, to the extent there were any, have been dismissed and no just reason exists to delay entry of final judgment given the wholly unrelated claims remaining in this case and the potential prejudice faced by Attorney Collins if judgment is delayed until resolution of the entire case. In support of this Motion, Collins states the following.

**BACKGROUND**

Plaintiff filed this action on July 21, 2023 against seventeen defendants, including the Town of Brunswick, the Town Manager, the Chief of Police, the Town Clerk, and twelve individually named Brunswick police officers. (ECF No. 1.)  Plaintiff also named Brunswick's "Town Lawyer," Kristin Collins.  On October 16, 2023, pursuant to Fed. R. Civ. P. 12(b)(6), Collins filed a Motion to Dismiss for failure to state a claim upon which relief can be granted, arguing that the Complaint

was devoid of any factual allegations against her.[1]  (ECF No. 22.)  On April 29, 2024, this Court granted Collins's Motion and dismissed any claim against her, determining that, "beyond identifying Collins by name and role, the Complaint as to Collins is 'devoid of further factual enhancement.'"  (ECF No. 47 at PageID #: 540.)

On May 6, 2024, Plaintiff filed a Notice of Interlocutory Appeal (ECF No. 52), which was docketed as an appeal of this Court's Orders on the parties' Motions to Dismiss and denying Plaintiffs' Motion for Recusal, (ECF Nos. 47, 53.)  On December 9, 2024, Plaintiff filed a Petition for Writ of Mandamus in the First Circuit.  Petition for Writ of Mandamus, *Cantrell v. Brunswick Maine Police et al.*, No. 24-1522 (1st Cir. Dec. 9, 2024).  The First Circuit entered Judgment on February 25, 2025, denying Plaintiff's Petition for Writ of Mandamus and dismissing the appeal as interlocutory.  Judgment, *Cantrell v. Brunswick Maine Police et al.*, No. 24-1522 (1st Cir. Feb. 25, 2025).

## **LEGAL STANDARD**

"The historic rule in the federal courts has always prohibited piecemeal disposal of litigation and permitted appeals only from final judgments . . . ." Fed. R. Civ. P. 54, 1946 advisory committee's notes.  However, "Rule 54(b) was originally adopted . . . to avoid the possible injustice of a delay in judgment of a distinctly separate claim to await adjudication of the entire case." *Id.* Thus, in civil proceedings where multiple parties are involved, "the court may direct entry of final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

A determination under Rule 54(b) involves a two-stage analysis.  "The first stage of the Rule 54(b) analysis is assessing finality, and the second is determining whether just reason exists

---

[1] The thirteen-page, handwritten Complaint and its eleven-page, handwritten attachment do not even mention Collins apart from naming her as a defendant.

for delay." *Douglas v. Lalumiere*, No. 2:20-cv-00227-JDL, 2022 WL 2047698, at *1 (D. Me. June 7, 2022) (citing *Spiegel v. Trs. of Tufts Coll.*, 843 F.2d 38, 42-43 (1st Cir. 1988)). As to the finality inquiry, the question is "whether the trial court action underlying the judgment disposed of all the rights and liabilities of at least one party as to at least one claim." *Credit Francais Int'l v. Bio-Vita, Ltd.*, 78 F.3d 698, 706 (1st Cir. 1996). The finality prong is "plainly satisfied" if "a court has dismissed all claims against a defendant." *Douglas*, 2022 WL 2047698, at *1 (citing *Nystedt v. Nigro*, 700 F.3d 25, 29 (1st Cir. 2012)). In determining, at the second stage, whether a just reason exists for delay, the determination is case-specific and requires the trial court to examine: "1) any interrelationship or overlap among the various legal and factual issues involved and 2) any equities and efficiencies implicated by the requested piecemeal review." *State St. Bank & Tr. Co. v. Brockrim, Inc.*, 87 F.3d 1487, 1489 (1st Cir. 1996).

## ARGUMENT

### I. The Dismissal Order is Final Because the Court Disposed of All Claims Against Attorney Collins

If all claims against a defendant have been dismissed, then the finality prong of Rule 54(b) has been "plainly satisfied." *Nystedt*, 700 F.3d at 29. The Dismissal Order resolved all claims against Collins, to the extent there were any to begin with, and the finality prong of the analysis is therefore "plainly satisfied" here.

### II. There is No Just Reason to Delay Entry of Final Judgment in Favor of Attorney Collins

As to the second prong of the Rule 54(b) analysis, the prudential and policy justifications that disfavor Rule 54(b) judgments – avoiding piecemeal appeals and promoting judicial economy – are not present here. *See Spiegel*, 843 F.2d at 43 (noting that the Rule 54(b) analysis "entails an assessment of the litigation as a whole, and a weighing of all factors relevant to the desirability of

relaxing the usual prohibition against piecemeal appellate review in the particular circumstances"). Considering the litigation as a whole and the particular circumstances of Plaintiff's claim—or lack thereof—against Collins, entry of final judgment here will serve Rule 54(b)'s purpose of avoiding possible injustices that will result from delay.

### A. Plaintiff's Naming of Attorney Collins as a Defendant Bears No Interrelationship to His Remaining Claims

As this Court recognized when it dismissed any claim against Collins, the Complaint is completely devoid of any factual allegations against Collins. (ECF No. 47 at Page ID#: 539-540.) That alone "weigh[s] in favor of immediately entering final judgment" for Collins. *Douglas*, 2022 WL 2047698, at *2 (reasoning that final judgment was warranted under Rule 54(b) when defendants "had become entangled in [the] lawsuit based on vague and conclusory allegations").

Given the complete lack of allegations against Collins, there is necessarily no overlap with Plaintiff's remaining claims. It is clear from Plaintiff's Complaint that Collins was only dragged into this lawsuit as the "Town Lawyer." Apart from identifying her role as such, the Complaint contains no specific facts showing any connection between Collins and the other remaining defendants and claims, which are based on Plaintiff's interactions with law enforcement officers. There is no suggestion that Collins ever participated in those interactions. Moreover, the municipal liability claim must be based on the *entity's* alleged actions and therefore the legal and factual issues are distinct from any conduct that could have been – but was not – plead against Collins.

Any review of this Court's dismissal of Collins therefore will not risk duplicitous appellate review of issues that could resurface in a subsequent appeal. *See Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980) (trial court should consider "whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once

even if there were subsequent appeals"). Similarly, any future developments on the remaining claims will have no impact on the dismissal of Collins given the complete lack of allegations against her.

### B. Delay in Final Adjudication Will Prejudice Attorney Collins

Any delay in entering final judgment for Collins also raises inequity concerns. Plaintiff filed the Complaint twenty months ago, and yet the litigation remains in its early stages. The Town of Brunswick, the Chief of Police, and six individually named Brunswick police officers filed their Answers on May 31, 2024, meanwhile the case was stayed pending resolution of Plaintiff's interlocutory appeal. It is highly likely that some or all of the remaining Defendants may seek summary judgment on Plaintiff's claims, a process which will take significant additional time. Plaintiff's litigation style may also create additional demands. Throughout the pendency of this case, including during the pendency of his appeal, Plaintiff has made myriad filings of Correspondence and Motions for discovery, hearings, and recusal, *see, e.g.*, (ECF No. 9, 18, 20, 28, 29, 42, 43, 51, 73, 75, 76, 78, 80), which this Court has characterized as "incomprehensible," (ECF No. 81). Even though she has been dismissed, this is burdensome for Collins who must still be kept apprised of the developments.

This Court's weighing of the equities should also consider Collins's profession and reputation as an attorney. In the context of RICO and conspiracy charges against an attorney, this Court and the First Circuit have recognized "the importance of protecting a lawyer and [her] law firm's reputation in the legal community, including the possibility that pending . . . charges might well dissuade potential clients from using their services." *Douglas*, 2022 WL 2047698, at *2 (internal quotation marks and alterations omitted) (citing *Nystedt*, 700 F.3d at 30). As in *Douglas* and *Nystedt*, "the risk of reputational harm is real." *Douglas*, 2022 WL 2047698, at *2. For

although the Complaint is devoid of any allegations against Collins, it names her in her capacity as the "Town Lawyer," thereby implicating her profession. Collins also has to answer affirmatively if she is asked if there is pending litigation against her. All of these considerations weigh in favor of immediate entry of final judgment for Collins. *See Douglas*, 2022 WL 2047698, at *2 (determining that there would be inequity in deferring final judgment where the case was initiated approximately two years prior and yet the case was "just beginning" against nine defendants who were not dismissed from the lawsuit).

## CONCLUSION

Based on the foregoing reasons, Rule 54(b)'s balancing test tips decidedly in favor of entering final judgment for Collins. There is no just reason for delay. The Court should enter final judgment in Defendant Kristin Collins's favor on Plaintiff's Complaint.

Dated at Portland, Mane this 16th day of April, 2025.

*/s/ Kasia S. Park*
Kasia S. Park, Esq.
Susan M. Weidner, Esq.
*Attorneys for Kristin Collins*

**DRUMMOND WOODSUM**
84 Marginal Way, Suite 600
Portland, ME  04101
(207) 772-1941
kpark@dwmlaw.com
sweidner@dwmlaw.com

## **CERTIFICATE OF SERVICE**

I, Kasia S. Park, do hereby certify that on this 16th day of April 2025, I electronically filed the above Defendant Kristin Collins's Motion for Entry of Final Judgment with the Court's CM-ECF system, which automatically sends notification to all counsel of record.

A copy of the foregoing has also been sent to Plaintiff via U.S. Mail at:

> Brice Cantrell
> 206 Harpswell Rd.
> Brunswick, ME 04011

Dated at Portland, Maine this 16th day of April, 2025.

> */s/ Kasia S. Park*
> Kasia S. Park
> Susan M. Weidner
> *Attorneys for Defendant Kristin Collins*