UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| BRICE CANTRELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 2:23-cv-00283-SDN ) |
| BRUNSWICK MAINE POLICE, et al., | ) ) ) |
| Defendants. | ) |

## ORDER

Plaintiff Brice Cantrell, proceeding pro se, sued eighteen defendants affiliated with the Town of Brunswick, Maine, and its police department, alleging various civil rights claims. He named Attorney Kristen Collins, the town lawyer, as one of the defendants. However, as the Court previously explained, "beyond identifying [Attorney] Collins by name and role," Mr. Cantrell's complaint is wholly devoid of any factual allegations against her. ECF No. 47. The Court dismissed the claims against her, and several other defendants, under Federal Rule of Civil Procedure 12(b)(6).

Mr. Cantrell appealed the dismissal order, but the First Circuit dismissed the appeal for lack of appellate jurisdiction. ECF No. 90. Discovery began in the District Court on Mr. Cantrell's remaining claims against the remaining defendants. Now, Attorney Collins moves for entry of final judgment as to the claims against her. ECF No. 93. Mr. Cantrell did not respond to the motion. For the following reasons, I grant Attorney Collins' motion and order the Clerk to enter final judgment.

## DISCUSSION

Federal courts adhere to a "long-settled and prudential policy against the scattershot disposition of litigation." *Spiegel v. Trs. of Tufts Coll.*, 843 F.2d 38, 42 (1st

1

Cir. 1988). The general rule—one case, one judgment—fosters clarity and saves valuable judicial resources. Entry of final judgment permits the losing party to appeal immediately, 28 U.S.C. § 1291, so a contrary rule permitting piecemeal judgment would risk clogging the appellate docket. *Spiegel*, 843 F.2d at 32.

Federal Rule of Civil Procedure 54(b) reflects this policy by allowing a court to enter final judgment "as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Applying Rule 54(b) requires two steps. First, the Court must "inquire whether the trial court action underlying the [potential] judgment disposed of all the rights and liabilities of at least one party as to at least one claim." *Credit Francais Int'l, S.A. v. Bio-Vita, Ltd.*, 78 F.3d 698, 706 (1st Cir. 1996). In other words, the Court decides whether the underlying decision is truly final. *See Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7 (1980).

Second, the Court must determine "whether, in the idiom of the rule, 'there is no just reason for delay' in entering judgment." *Spiegel*, 843 F.2d at 43 (quoting Fed. R. Civ. P. 54(b)). In doing so, the Court takes on the role of "dispatcher," viewing the "litigation as a whole" and deciding which claims should be "sent upstairs immediately" for appellate review, *id.*, all while taking into account "judicial administrative interests as well as the equities involved." *Curtiss-Wright*, 446 U.S. at 8.

At step one, I have no trouble determining that the order dismissing Mr. Cantrell's claims against Attorney Collins "disposed of all the rights and liabilities of at least one party" in this case. *Credit Francais*, 78 F.3d at 706. An order granting a motion to dismiss under Rule 12(b)(6) "plainly satisf[ies]" the finality requirement. *Nystedt v. Nigro*, 700 F.3d 25, 29 (1st Cir. 2012).

At step two, several equitable considerations weigh in favor of entering final judgment. First, the Court dismissed Mr. Cantrell's case against Attorney Collins because he failed to make any factual allegations against her beyond naming her in the complaint. *See Douglas v. Lalumiere*, No. 20-CV-00227, 2022 WL 2047698, at *2 (D. Me. June 7, 2022) (finding fact that defendant was "entangled" in lawsuit based on "vague and conclusory allegations" weighed in favor of entering final judgment). Because Mr. Cantrell failed to allege that Attorney Collins did anything—much less anything wrong—it would be unfair to force Attorney Collins's continued participation in this case. Second, Attorney Collins faces a real risk of reputational harm as a lawyer. Pending legal claims, even frivolous ones, "might well dissuade potential clients from using [her] services." *Nystedt*, 700 F.3d at 30. Indeed, at this moment, Attorney Collins "has to answer affirmatively if she is asked if there is pending litigation against her." ECF No. 93 at 6. Third, the remaining claims are unlikely to be disposed of anytime soon, with discovery having only just begun. Therefore, the claims against Attorney Collins, which the Court dismissed over one year ago, will continue to hang over her head for the foreseeable future. Finally, it appears from Mr. Cantrell's failed first attempt to appeal that he *wants* the opportunity to immediately appeal the dismissal order. Therefore, he is unlikely to be prejudiced by entry of final judgment. *See Douglas*, 2022 WL 2047698, at *2 (considering prejudice to the plaintiff).

Judicial administrative interests also weigh in favor of entering final judgment. The claims against Attorney Collins are unrelated to any pending claims; indeed, it bears repeating, there *are no* factual allegations against Attorney Collins, and therefore there are no claims that could overlap. *Douglas*, 2022 WL 2047698, at *2 (finding lack of overlap meant entry of final judgment "could not create inefficiencies vis-à-vis the

surviving claims"). To be sure, in the same order where the Court dismissed the claims against Attorney Collins, the Court also dismissed claims against some other defendants based on the total lack of any factual allegations against them. *See* ECF No. 47 at 10. Those defendants have not requested entry of final judgment, so Mr. Cantrell will have to wait until the entire case concludes to appeal those dismissals. But if and when he does so, the appeal will present distinct factual issues—whether the complaint alleged facts relating to *those* defendants—from any appeal concerning Attorney Collins. *See Curtiss-Wright*, 446 U.S. at 8 (holding district courts should consider whether an "appellate court would have to decide the same issues more than once even if there were subsequent appeals").

Therefore, because the dismissal of Mr. Cantrell's claims against Attorney Collins was dispositive, and considerations of both equity and judicial efficiency counsel in favor of final judgment, the Court grants Attorney Collins's motion.

## CONCLUSION

For the foregoing reasons, the Clerk is directed to enter final judgment, pursuant to Federal Rule of Civil Procedure 54(b), on the order dismissing Mr. Cantrell's claims against Attorney Collins.

**SO ORDERED.**

Dated this 19th day of May, 2025.

/s/ Stacey D. Neumann
**UNITED STATES DISTRICT JUDGE**
